UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHANNON O. MURPHY,<br><br>Plaintiff,<br><br>v.<br><br>COHEN & ASSOCIATES, LLP,<br><br>Defendant. | Case No. 25-cv-03371-PHK<br><br>**ORDER DENYING MOTION FOR "RESTITUTION" FOR "COURT ERRORS;" DENYING AS MOOT MOTION TO APPEAR VIA ZOOM**<br><br>Re: Dkts. 5, 6 |

This matter is before the Court on two motions filed by Plaintiff on June 30, 2025. In the first motion, entitled "Plaintiff Requests for Telephonic, or Includes to 'Zoom' Type Conference, After Hearing Scheduled, Be Vacated, of 07/03/2025, Since Court was Untimely, and Failed Send Plaintiff a Summons," Plaintiff appears to request permission to attend the Initial Case Management Conference via remote means. [Dkt. 5]. However, on June 11, 2025, this Court issued an Order granting Plaintiff's application to proceed *in forma pauperis* and vacating the Initial Case Management Conference pending completion of the Court's mandatory screening of Plaintiff's Complaint. *See* Dkt. 4 at 3 ("Due to the procedural posture of this case, the Initial Case Management Conference set for July 3, 2025 and all associated deadlines are **VACATED**."). The Court will reset the Initial Case Management Conference, if necessary, after the mandatory screening of Plaintiff's Complaint has been completed. Accordingly, Plaintiff's request to attend the Initial Case Management Conference via Zoom or other such remote means [Dkt. 5] is **DENIED AS MOOT**.

In the second motion, Plaintiff asks for "sanction[s]," "restitution," and/or "compensation" for alleged "court errors." [Dkt. 6]. Specifically, Plaintiff appears to argue that she either did not

receive this Court's June 11, 2025 Order, or that she received it in an untimely manner. However, the Court explicitly directed the Clerk of Court to mail a copy of the June 11, 2025 Order to Plaintiff at her address of record, and the docket indicates that the Order was sent via First Class Mail to Plaintiff's address of record (PO Box 1756, Antioch, CA 94509) that same day. *See* Dkt. 4 at 3 ("The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her address of record."). Plaintiff has not filed a notice of change of address with this Court and there is no indication that the mailing was otherwise not delivered. It is Plaintiff's obligation to provide the Court with a current mailing address. *See* Civil L.R. 3-11(a) ("An attorney *or a party proceeding pro se* whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.") (emphasis added). Absent notice from Plaintiff confirming a change of her current mailing address, the Court's service of the June 11, 2025 Order at Plaintiff's address of record is deemed fully effective. Moreover, Plaintiff has failed to identify any prejudice that she suffered in connection with the timing of her receipt of the June 11, 2025 Order. Accordingly, Plaintiff's motion for relief in connection with her receipt of this Court's June 11, 2025 Order [Dkt. 6], is **DENIED**.

The Clerk is directed to mail a copy of this Order to Plaintiff at her address of record.

**IT IS SO ORDERED.**

Dated: July 9, 2025

PETER H. KANG
United States Magistrate Judge

2